UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MERRITT J. VINCENT, et al., | |
| Plaintiff(s), | Case No. 2:14-cv-01073-APG-NJK |
| vs. | ORDER DENYING MOTION TO COMPEL AND SEALING PLAINTIFFS' OPPOSITION |
| FOUR QUEENS, LLC, | |
| Defendant(s). | (Docket Nos. 13, 15) |

Pending before the Court is Defendant's motion to compel, filed on January 12, 2015. Docket No. 13. Plaintiffs filed an opposition on January 20, 2015. Docket No. 15. For the reasons discussed below, Defendant's motion is hereby **DENIED** without prejudice.

**I.      Defendant's Motion to Compel (Docket No. 13)**

The Court's initial inquiry regarding a motion to compel is whether the movant made adequate meet and confer efforts. Federal Rule of Civil Procedure 37(a)(1) requires that a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer" with the non-responsive party. Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action."

The case law in this District is clear that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss

each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171-72 (D. Nev. 1996). This obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, *specificity*, and support during the informal negotiations as during the briefing of discovery motions." *Id*. (emphasis added). "Only after all the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a 'sincere effort' to resolve the matter." *Id.* To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.

The Court has reviewed the pending certification of counsel. Docket No. 13, Heimerle Decl. at ¶¶ 16-19. The parties had a telephonic conference on January 9, 2015. *Id.*, at ¶ 17. However, this telephonic conference appears to have dealt solely with a draft "Consent Motion for an Extension of Time to Complete Discovery," and not with the specific discovery disputes at issue in the pending motion.[1] *Id.*, at ¶¶ 15-17. The movant, therefore, has not certified that the parties engaged in an adequate meet and confer for the purpose of this motion.[2] Accordingly, the motion to compel is hereby **DENIED** without prejudice.

. . .

. . .

---

[1] Defendant is moving for an order compelling Plaintiffs to produce: (1) adequate responses to written discovery requests, (2) a complete disclosure of witnesses, (3) documents and a computation of damages, and (4) all documents used by Plaintiffs to calculate any claim for damages. Defendant is also seeking to compel Plaintiffs to appear in Las Vegas for their depositions.

[2] Plaintiffs' opposition confirms the lack of a proper meet and confer. *See* Docket No. 15, at 13.

## II. Plaintiffs' Opposition (Docket No. 15)

Plaintiffs' opposition to Defendant's motion to compel does not comply with Federal Rule of Civil Procedure 5.2(a) as it contains improper confidential information.[3] Rule 5.2 provides that a filing should not contain, *inter alia*, an individual's social-security number or birth date. Fed.R.Civ.P. 5.2(a).

## III. Conclusion

Based upon the foregoing,

**IT IS SO ORDERED**:

1. The Clerk of the Court shall seal the document at Docket No. 15.

2. Plaintiffs shall file a redacted version of their opposition to Defendant's motion to compel in compliance with Federal Rule of Civil Procedure 5.2, no later than January 23, 2015.

3. Defendant's motion to compel (Docket No. 13) is hereby **DENIED** without prejudice.

DATED: January 20, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[3] Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
(1) the last four digits of the social-security number and taxpayer-identification number;
(2) the year of the individual's birth;
(3) the minor's initials; and
(4) the last four digits of the financial-account number.