UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MERRITT J VINCENT, et al., | ) | |
| Plaintiffs, | ) | Case No. 2:14-cv-01073-APG-NJK |
| v. | ) | **ORDER DENYING DEFENDANT'S MOTION FOR TELEPHONIC APPEARANCE** |
| FOUR QUEENS, LLC, | ) | |
| Defendant. | ) | (Docket No. 38) |

    On October 8, 2015, United States District Judge Andrew P. Gordon referred this matter to the undersigned to set a settlement conference. Docket No. 27. On October 9, 2015, the Court scheduled a settlement conference in this matter for November 23, 2015. Docket No. 29. The order clearly stated that any request to change the date of the settlement conference "must be filed within 7 days of the issuance" of the order scheduling the settlement conference. *Id*. at 1 n.1. On November 16, 2015, more than a month after the issuance of the Court's order and a mere week before the scheduled settlement conference, Defendant filed a motion to continue the settlement conference. Docket No. 30. Defendant represented that its counsel had not seen the Court's October 9, 2015 order until that date and that its person with settlement authority would be out of the District on the date set for the settlement conference. *Id*. at 1; Docket No. 30-1 at 2. Plaintiffs filed a non-opposition to Defendant's untimely request, Docket No. 31, and the Court granted the motion. Docket No. 32.

    On November 23, 2015, the Court issued an order setting the rescheduled settlement conference for January 25, 2016. Docket No. 34. The order requires the personal appearance of certain individuals,

including a representative of an insurance carrier if a party is subject to insurance coverage. *Id*. at 1-2. The order clearly states that "**[a]ny request for an exception to the ... personal attendance requirements must be filed and served on all parties within seven (7) days of the issuance of this order. Such a request will be strictly scrutinized for a showing of compelling justification.**" *Id*. at 2 (emphasis in original).

Despite this order, on November 30, 2015, Defendant hand-delivered an *ex parte* letter to the Court requesting an exception to the Court's personal attendance requirement. Docket No. 35. On the same date, the Court issued a minute order informing the parties that it would take no action on the letter, which was improperly submitted and violates the Court's express order. *Id*. *See also* Docket No. 34 at 2.

Defendant has now filed a motion requesting the telephonic appearance at the settlement conference of an insurance adjuster. Docket No. 38. The motion consists of one sentence, and contains no reason for the request. *Id*. The Court is, therefore, unable to make a determination as to whether compelling justification exists to allow an exception to its personal appearance requirement.

Accordingly, for the reasons stated herein, Defendant's motion for telephonic appearance (Docket No. 38) is **DENIED** without prejudice. If Defendant chooses to refile its motion, it must do so no later than December 3, 2015, and the motion must make a showing of compelling justification for Defendant's request for an exception to the Court's personal appearance requirement.

DATED: December 2, 2015.

_____
NANCY J. KOPPE
United States Magistrate Judge