# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MERRITT VINCENT, et al., <br><br>　　　　　Plaintiff, <br><br>vs. <br><br>FOUR QUEENS, LLC, <br><br>　　　　　Defendant. | Case No. 2:14-cv-01073-APG-NJK <br><br>**ORDER** <br><br>(Docket No. 40) |

　　　Presently before the Court is Defendant's motion to attend the settlement conference telephonically. Docket No. 40. Plaintiffs responded, and Defendant submitted a reply. Docket Nos. 42, 43. The Court finds that this motion is appropriately resolved without oral argument. *See* Local Rule 78-2. For the reasons that follow, Defendant's motion (Docket No. 40) is **DENIED**.

　　　On October 8, 2015, United States District Judge Andrew P. Gordon referred this matter to the undersigned to set a settlement conference. Docket No. 27. On October 9, 2015, the Court scheduled a settlement conference in this matter for November 23, 2015. Docket No. 29. On November 16, 2015, Defendant moved to continue the Settlement Conference. Docket No. 30. The next day, Plaintiffs filed a notice of non-opposition, and the Court granted Defendant's motion to continue. Docket Nos. 31, 32.

　　　On November 23, 2015, the Court issued an order setting the rescheduled settlement conference for January 25, 2016. Docket No. 34. The order provides that "if any party is subject to coverage by an insurance carrier, then a representative of the insurance carrier" is "**required to be present in person for**

**the duration of the settlement conference**." *Id*., at 1-2 (emphasis in original).  The representative of the insurance carrier must have "<u>authority to settle the matter up to the full amount of the claim or the last demand.</u>" *Id*., at 2.  The order clearly states that "**[a]ny request for an exception to the . . . personal attendance requirements must be filed and served on all parties within seven (7) days of the issuance of this order.  Such a request will be strictly scrutinized for a showing of compelling justification**." *Id*. (emphasis in original).

Despite this order, on November 30, 2015, Defendant hand-delivered an *ex parte* letter to the Court requesting an exception to the Court's personal attendance requirement.  Docket No. 35.  On the same date, the Court issued a minute order informing the parties that it would take no action on the letter, which was improperly submitted and violates the Court's express order.  *Id*.  *See also* Docket No. 34 at 2.  Defendant then filed a motion requesting the telephonic appearance at the settlement conference of an insurance adjuster.  Docket No. 38.  However, the motion consisted of one sentence and contained no reason for the request.  *Id*.  The Court was, therefore, unable to make a determination as to whether compelling justification existed to allow an exception to its personal appearance requirement and denied Defendant's motion without prejudice.  Docket No. 39.

On December 2, 2015, Defendant filed a renewed motion to appear telephonically.  Docket No. 40.  Defendant contends that compelling justification exists to exempt its insurance adjuster from the settlement conference's personal attendance requirement because its insurance policy is not implicated unless and until Defendant's costs associated with defending this matter exceed a self-insured retention of $25,000.  Docket No. 40 at 2.  Defendant argues that, because $10,000 remains of its SIR and the insurance adjuster is based out-of-state, the Court should grant an exception to the personal attendance requirement.  *Id.*

The Court's order requires the personal attendance of insurance adjusters with authority to settle the matter up to the full amount of the claim.  The parties, in their joint pretrial order, have represented that Plaintiffs' claims exceed $75,000.  Docket No. 26 at 2.  Therefore, the suggestion that Defendants' insurance policy is not implicated by the Court's order is misconceived.  The amount of the claim exceeds $75,000 – well beyond Defendant's SIR of $25,000.

All that remains of Defendant's showing is its representation that its insurance adjustor resides out

2

of state, and this alone is not a compelling. Meaningful and productive settlement conferences are vital to the judicial process and assist district courts in managing their heavy case load. *Pitman v. Brinker Internat'l, Inc.*, 216 F.R.D. 481, 486 (D. Ariz. 2003). Settlement conferences are not meaningful absent attendance by those with full settlement authority. *Wilson v. KRD Trucking W.*, 2013 WL 836995, at *2 (D. Nev. Mar. 6, 2013). Requiring the presence of Defendant's insurance adjuster may result in additional travel expense, but against that cost, the Court's need to manage its heavy case load weighs heavily. To find otherwise would permit Defendant to appear personally with extremely limited settlement authority, which would "in effect negate the ability of that mediation to in any way function, much less be successful." *Nick v. Morgan's Food, Inc.*, 270 F.3d 590, 597 (8th Cir. 2001). Accordingly, Defendant's motion to appear telephonically (Docket No. 40) is hereby **DENIED**.

IT IS SO ORDERED.

Dated: December 8, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge