UNITED STATES DISTRICT COURT

LAS VEGAS, NEVADA

| | |
|---|---|
| MERRITT J. VINCENT, (an individual) BILLIE J. VINCENT (an individual),<br><br>Plaintiffs,<br><br>vs.<br><br>FOUR QUEENS, LLC,<br><br>Defendant. | Case Number: 2:14-cv-01073<br><br>**ORDER GRANTING FOUR QUEENS, LLC'S MOTION FOR SUMMARY JUDGMENT** |

      Defendant Four Queens LLC filed a Motion for Summary Judgment 13 months after the motion deadline. (Dkt. #46.) However, NRS 651.015 mandates that the duty and foreseeability issues are to be determined by the Court as a matter of law. Thus, the issues raised in the motion must be resolved prior to trial. I grant Four Queens' motion because plaintiffs have presented insufficient admissible evidence that the alleged wrongful act was foreseeable and that Four Queens had a duty to take reasonable precautions against the foreseeable wrongful act.

## FINDINGS OF FACT

      1. On May 15, 2014, plaintiffs Merritt and Billie Vincent ("Plaintiffs" or the "Vincents") were guests at the Four Queens Hotel & Casino ("Four Queens") staying in room 239. (Dkt. # 1, p.3.)

      2. According to the Merritt Vincent, they were "going into room 239" when an unidentified individual "pushed me into room, took my walet (sic), 2 packages of credit cards and fany (sic)[,] approximately $600.00[,] drivers license." Mr. Vincent declined medical treatment." (Dkt. # 45-1, p.6.)

1

3. The assailant was described by the Vincents and later identified from a screen capture from the video surveillance system at Four Queens. (*Id.* at pp. 8-10.)

4. According to the Vincents, prior to the alleged assault and robbery, they had been playing the slot machines at Four Queens. (Dkt. # 1, p.3.)

5. The Vincents returned to their hotel room. As they opened their hotel room door a man pinned Merritt to the floor and robbed him. (*Id.* at p. 4.)

6. A video of the unknown assailant shows a short man dressed in black clothes and white shoes and carrying a black back pack entering the elevator behind the Vincents and then exiting the elevator with them. (Dkt. # 47.)

7. There is nothing about the assailant that suggests he is following the Vincents with the intent to assault and rob them. (Dkt. ## 47 and 45.)

8. Four Queens maintains its own security force to provide security for its guests. (Dkt. # 45.) They are trained in handling violent individuals, including use of force training, and when and in what situations force should be used in order to protect themselves and Four Queens' guests. (*Id.*)

9. Four Queens' security officers are trained in administering first aid, including advanced EMT training, to assist guests who are injured or suffer medical emergencies while on the premises. (*Id.*) Four Queens' security officers are trained to watch for and prevent potentially violent persons from entering, or remaining, on the premises and to make arrests, if necessary. (*Id.*)

10. In the prior 12 years, Four Queens had not had an assault, battery, or robbery of any of its guests in its hotel rooms or in the casino area of its premises. (*Id.*)

11. Four Queens' employees are trained to watch for and report any suspicious persons to Four Queens' security officers. (*Id.*)

## CONCLUSIONS OF LAW

1. "In considering a motion for summary judgment, the court performs 'the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" *Racine v. PHW Las Vegas, LLC*, 46 F.Supp.3d 1028, 1031 (D. Nev. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)); *United States v. Arango*, 670 F.3d 988, 992 (9th Cir. 2012). In order to prevail on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law. *Id.* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Arango*, 670 F.3d at 992.

2. A material fact is one that is necessary to prove an element of a claim. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. "The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. Furthermore, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) (quoting *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505).

3. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to

make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548.

4. Upon the moving party meeting its initial burden on summary judgment, the nonmoving party must submit facts showing a genuine issue of material fact. Fed.R.Civ.P. 56(e); *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000).

5. The district court must construe the evidence "in the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). But the opposing party cannot "'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'" *Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting Fed.R.Civ.P. 56(e)).

6. To "succeed on a negligence claim for innkeeper liability," a plaintiff must establish four elements: "(1) duty, (2) breach, (3) proximate causation, and (4) damages." *Smith v. Mahoney's Silver Nugget, Inc.*, 265 P.3d 688, 690 (2011) (citing *Doud v. Las Vegas Hilton Corp.*, 109 Nev. 1096, 864 P.2d 796 (1993)). Four Queens moved the court for summary judgment on the duty element.

7. NRS 651.015 governs innkeeper liability in this situation where a person who is a non-employee of Four Queens is alleged to have committed an assault and battery against the Vincents, guests of the Four Queens. NRS 651.015(1) provides:

> An owner or keeper of any hotel, inn, motel, motor court, boardinghouse or lodging house is not civilly liable for the death or injury of a patron or other

4

person on the premises caused by another person who is not an employee under the control or supervision of the owner or keeper unless:

    (a) The wrongful act which caused the death or injury was foreseeable; and

    (b) There is a preponderance of evidence that the owner or keeper did not exercise due care for the safety of the patron or other person on the premises.

8. NRS 651.015(2) provides that the "court shall determine as a matter of law whether the wrongful act was foreseeable and whether the owner or keeper had a duty to take reasonable precautions against the foreseeable wrongful act of the person who caused the death or injury."

9. NRS 651.015(3) provides:

For the purposes of this section, a wrongful act is not foreseeable unless:

    (a) The owner or keeper failed to exercise due care for the safety of the patron or other person on the premises; or

    (b) Prior incidents of similar wrongful acts occurred on the premises and the owner or keeper had notice or knowledge of those incidents.

10. In support of its motion for summary judgment, Four Queens submitted the Declaration of David Barker, Director of Security at Four Queens for the past 13 years. Mr. Barker's Declaration states that Four Queens had not had a similar attack in its hotel or casino in the past 12 years. (Dkt. # 45.) It also states that Four Queens hires, trains, and provides security officers, maintains a video surveillance system, trains its employees to watch for suspicious or dangerous individuals, and generally provides for the safety and security of its guests at Four Queens. (*Id.*)

11. The Vincents did not submit sufficient admissible evidence to rebut Mr. Baker's Declaration. The Vincents rely upon a document entitled "Statistical Documentation Report" ("Report") from the Las Vegas Metropolitan Police Department Crime Analysis Bureau. (Dkt. # 48-3.) The first page of the Report contains a disclaimer that reads, in part: "The only information concerning crime statistics that is considered official data is contained in the Uniform Crime Report (UCR). . . . Any other statistics provided by this department are estimates and/or approximations and should not be considered as official information." (*Id.*)

12. The Vincents' counsel received with this Report a letter from Susana S. McCurdy, Director of Metro's Police Records Bureau, explaining that the Report was a list for calls for service at the subject address, and that counsel could identify those calls that interested him and serve a subpoena requesting copies of the actual police reports of those specific calls. (*Id.*) Counsel for the Vincents did not subpoena any of the actual police reports for any of the voluminous calls for service listed on the Report.

13. All of the calls for service are identified with a single address, 202 Fremont Street, which is the Four Queens Hotel and Casino's physical address. But the Report does not indicate where the incident took place, whether inside or outside the Four Queens, or whether it actually happened, given that these are only reports of calls for service. Since counsel did not subpoena the actual police reports regarding any of these calls, it is impossible to tell whether any criminal activity took place on that date and whether it took place inside the Four Queens.

14. It is clear from the Report that some of these calls for service were incidents occurring outside of the Four Queens and merely used the Four Queens'

physical address as the location nearest to the incident. For instance, the Report lists various code types like 401A (Hit and Run), 401B (accident with injuries), 406V (Auto Burglary), 409 (Drunk Driver), 411 (Stolen Motor Vehicle). These codes describe incidents that would obviously have occurred outside the Four Queens. (*Id.*)

15. The letters submitted by the Vincents in opposition to the motion for summary judgment are inadmissible hearsay. FRE 801. Thus, I cannot consider these letters. Even if I considered them, they would not be sufficient to overcome Four Queens' motion.

16. The Report submitted by the Vincents does not create a genuine issue of material fact. The Report states that the only official crime statistics are contained in the Uniform Crime Report. The Vincents did not submit a copy of the Uniform Crime Report. The Report they submitted is not considered official crime data and contains, by its express terms, only "estimates and/or approximations." (Dkt. # 48-3.)

17. The Vincents failed to identify any witnesses or other evidence that showed a pattern of criminal behavior similar to that in which they were injured. In particular, the Vincents failed to submit evidence of similar prior acts of assault, battery, or robbery on Four Queens' guests in or near their hotel rooms. NRS 651.015(3).

18. In order to create a genuine issue of material fact to defeat Four Queens' motion for summary judgment, the Vincents are required to submit evidence that would be admissible at trial to counter the Declaration of David Barker. Fed. R. Civ P. 56(c). They failed to do so.

19. Pursuant to NRS 651.015(2), I determine as a matter of law that the alleged assault, battery, and robbery of the Vincents was not foreseeable, and thus the Four Queens did not have a duty to take reasonable precautions against it.

THEREFORE, Four Queens is entitled to judgment as a matter of law.

IT IS THEREFORE ORDERED that summary judgment is entered in favor of defendant Four Queens on plaintiffs' Complaint and all of the claims asserted therein. The clerk of the court shall enter judgment accordingly.

DATED this 4th day of April, 2016

_____
Andrew P. Gordon, District Judge

Original draft submitted by:

**HUTCHISON & STEFFEN, LLC**

/s/ Kumen L. Taylor
Kumen L. Taylor (10244)
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
Attorneys for Four Queens, LLC

/s/ Malik W. Ahmed
Malik W. Ahmed, Esq.
8072 W. Sahara Ave., Suite A
Las Vegas, NV 89117

Attorneys for Plaintiffs